UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREYSTONE BANK,

                            **Plaintiff,**

  vs.
                                                                                 **(MAD/RFT)**

**SKYLINE WOODS REALTY, LLC; HOWARD**          **1:10-CV-1182**
**MARTIN & NEW YORK STATE DEPARTMENT**
**OF TAXATION AND FINANCE,**

                            **Defendants.**
_____

APPEARANCES:                              OF COUNSEL:

SCHILLER, KNAPP LAW FIRM            William B. Schiller, Esq.
950 New Loudon Road
Latham, New York 12110
*Attorneys for Plaintiff*

ZISHOLTZ & ZISHOLTZ, LLP             Stuart S. Zisholtz, Esq.
170 Old Country Road, Suite 300
Mineola, New York 11501
*Attorneys for Defendants*
*Skyline Woods Realty, LLC and*
*Howard Martin*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

     Plaintiff brings this mortgage foreclosure action to foreclose a lien on real property at 4 Skyline Drive, Saugerties, New York in Ulster County. (Dkt. No. 1). On October 1, 2010, plaintiff commenced this action by filing a summons and complaint. Defendant, New York State Department of Taxation and Finance ("NYSDTF") has not answered the complaint or otherwise appeared. On February 8, 2011, plaintiff obtained a Clerk's Entry of Default Judgment. (Dkt. No. 18). Presently before the Court is plaintiff's motion for the following relief: (1) an order granting

summary judgment pursuant to Fed. R. Civ. P. 56 against defendants, Skyline Woods Realty, LLC. ("Skyline") and Howard Martin ("Martin"); (2) default judgment pursuant to Fed. R. Civ. P. 55 against the NYSDTF; (3) computation of the amount due under the Loan Documents; (4) an order appointing a referee for the sale of the property; and (5) a judgment of foreclosure and sale. (Dkt. No. 19).  Defendants Skyline and Martin oppose plaintiff's motion for summary judgment. (Dkt. No. 27).

## DISCUSSION

**I.    Motion for Summary Judgment**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986).  A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial.  *See id*.  If the nonmovant fails to carry this burden, summary judgment is appropriate.  *See id*.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law.  *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712,

716 (2d Cir. 1994). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen 'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

## II.     Failure to Comply with Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) clearly states that the "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion". *Jaufman v. Levine*, 2007 WL 2891987, at *3 (N.D.N.Y. 2007) (citing *Jackson v. Broome County Corr. Facility*, 194 F.R.D. 436, 437 (N.D.N.Y. 2000) ( . . . it would be manifestly unjust to require the non-movant to proceed in a summary judgment motion in which the movants' non-compliance has so severely prejudiced his ability to respond as the Local Rules require)). While the Court has the discretion to perform an independent review of the record to find proof of a factual dispute or lack thereof, the Court is not required to conduct its own review of the record in support of movant's factual assertions. *Walsh v. City of Kingston*, 2010 WL 681315, at *2 (N.D.N.Y. 2010) (citing *Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002)).

Here, plaintiff, who is represented by counsel, failed to provide any Statement of Material facts. Upon review of the moving papers, the Court notes that record is voluminous. Indeed, the motion for summary judgment contains two affidavits, 15 exhibits and is 540 pages in length. The Court is within its discretion to decline to search such a vast record. *See Member Servs., Inc. v. Sec. Mut. Life Ins. Co. of New York*, 2010 WL 3907489, at *10 (N.D.N.Y. 2010) (the Court refused to search the record to investigate the circumstances concerning ownership and coverage

3

of a purported copyright) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 291 (2d Cir. 2000) (the local rules are "designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts . . . [w]hile the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out")).

Summary judgment is often appropriate in mortgage foreclosure actions. *RTC Mortg. Trust 1995-S/N1 v. Polmar Realty, Inc.*, 1996 WL 689281, at *3 (S.D.N.Y. 1996) (citations omitted). A foreclosing plaintiff may establish *prima facie* entitlement to summary judgment by submitting proof of the mortgage and unpaid note, plaintiff's ownership thereof, and the defendant's default. *1st Bridge LLC v. William Lee Freeman Garden Apartments LLC,* 2011 WL 2020568, at *1 (S.D.N.Y. 2011); *see also Union Bank of Switzerland, New York Branch v. 890 Park Assoc.,* 1995 WL 121289, at *5 (S.D.N.Y. 1995) ("[i]In a mortgage foreclosure action, a lender is entitled to summary judgment if it establishes by documentary evidence both the facts underlying its cause of action and the lack of any triable fact"). Here, the record does not contain such proof in competent, admissible form and defendants oppose plaintiff's motion. Consequently, plaintiff's failure to submit a Statement of Material Facts and to comply with this Court's Local Rules warrants denial of the motion for summary judgment without prejudice to renew.[1]

### III.   Motion for Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y.

---

[1] The Court's decision to deny summary judgment renders plaintiff's motion for a computation of the amount due or an appointment of a referee moot.

4

1987).  Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted.  Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent.  *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.  "A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)).

Here, plaintiff fulfilled the procedural prerequisites for default judgment. The allegations in plaintiff's complaint, as against the New York State Department of Taxation and Finance are summarized as follows and presumed accurate:

> Upon information and belief, Defendant New York State Department of Taxation and Finance, is an agency of the state of New York with a headquarters in Albany, New York and is a potential lien holder on the Property being foreclosed.
>
> Upon information and belief, each of the defendants named in this action claims to have or may have some right, title, interest or lien in or the Property or some part thereof, which right, title, interest or lien is subject and subordinate to the lien of Plaintiff on the Property, and their right to possession, if any, are subordinate to plaintiff's.

Pl. Cmplt. (paragraph numbers omitted).

Here, the complaint contains well-pleaded allegations of nominal liability- i.e., that any judgments the defaulting defendant may have against Skyline and Martin, are subordinate to plaintiff's.  *See Christiana Bank & Trust Co. v. Dalton*, 2009 WL 4016507, at *5 (E.D.N.Y. 2009).   The NYSDTF was properly served and no one has come forward to assert their rights or interests in the property.  "[T]here is no reason to anticipate that a default judgment will have

5

harsh effects.  Had [] the defendant[] believed that [its] liens were not subordinate to the plaintiff's, [it] would have set forth the[] argument in an answer." *Fed. Home Loan Mortg. Corp. v. 41-50 78th St. Corp.*, 1997 WL 177862, at *3 (E.D.N.Y. 1997).  Therefore, plaintiff's motion for default judgment is granted.

## CONCLUSION

It is therefore

**ORDERED**, that plaintiff's motion (Dkt. No. 19) for summary judgment against Skyline and Martin is **DENIED**, it is further

**ORDERED**, that plaintiff's motion (Dkt. No. 19) for a default judgment against defendant New York State Department of Taxation and Finance, is **GRANTED**. it is further

**ORDERED**, that plaintiff's motion (Dkt. No. 19) is denied in all other respects.

**IT IS SO ORDERED.**

Dated: August 9, 2011

_____
Mae A. D'Agostino
U.S. District Judge