**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GREYSTONE BANK,**

                               **Plaintiff,**

   vs.                                             1:10-CV-1182 (MAD/RFT)

**SKYLINE WOODS REALTY, LLC; HOWARD**
**MARTIN & NEW YORK STATE DEPARTMENT**
**OF TAXATION AND FINANCE,**

                                **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

SCHILLER, KNAPP LAW FIRM         William B. Schiller, Esq.
950 New Loudon Road
Latham, New York 12110
*Attorneys for Plaintiff*

ZISHOLTZ & ZISHOLTZ, LLP          Stuart S. Zisholtz, Esq.
170 Old Country Road, Suite 300
Mineola, New York 11501
*Attorneys for Defendants*
*Skyline Woods Realty, LLC and*
*Howard Martin*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Plaintiff brings this mortgage foreclosure action to foreclose a lien on real property at 4 Skyline Drive, Saugerties, New York in Ulster County. (Dkt. No. 1). On October 1, 2010, plaintiff commenced this action by filing a summons and complaint. Defendant, New York State Department of Taxation and Finance ("NYSDTF") has not answered the complaint or otherwise appeared. On February 8, 2011, plaintiff obtained a Clerk's Entry of Default Judgment. (Dkt. No. 18). Presently before the Court is plaintiff's motion for the following relief: (1) an order granting

summary judgment pursuant to Fed. R. Civ. P. 56 against defendants, Skyline Woods Realty, LLC. ("Skyline") and Howard Martin ("Martin"); (2) default judgment pursuant to Fed. R. Civ. P. 55 against the NYSDTF; (3) computation of the amount due under the Loan Documents; (4) an order appointing a referee for the sale of the property; and (5) a judgment of foreclosure and sale. (Dkt. No. 19).  Defendants Skyline and Martin oppose plaintiff's motion for summary judgment. (Dkt. No. 27).

## BACKGROUND[1]

The record contains few undisputed facts.  In September 1997, Skyline Realty Corp. executed a Mortgage, Security Agreement Fixture Financing Statement and Assignment of Leases and Rents securing the principal amount of $750,000.00 to Country Bank ("First Mortgage").  On March 11, 1998, the First Mortgage was assumed by Skyline Woods Realty, LLC by a Consent and Assumption Agreement.  Paragraph 5 of that Agreement contains the following language, which defendant Martin "readily admits" he signed:

---

[1] Plaintiff filed a Statement of Material Facts pursuant to Local Rule 7.1.  Defendants, although represented by counsel, failed to respond to Plaintiff's Local Rule 7.1 Statement of Material Facts.  Local Rule 7.1(a)(3) states:

> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.  The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute.  <u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party</u>.

Local Rule 7.1(a)(3)(emphasis in original).  As defendants failed to properly respond to Plaintiff's Statement of Material Facts, the Statement will be accepted as true to the extent that the facts are supported by evidence in the record.  *See Orraca v. Pilatich*, 2008 WL 4443274, at *3 (N.D.N.Y. 2008); *see also N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc*., 426 F.3d 640, 648-49 (2d Cir. 2005) (the Court deemed the properly supported allegations in the defendant's L.R. 7.1 Statement admitted for the purposes of the motion).

The facts set forth in this section are taken from: (1) the Complaint; (2) the Answer; (3) Plaintiff's Statement of Material Facts; (4) the exhibits and evidence submitted by plaintiff in support of the motion for summary judgment; and (5) the exhibits and evidence submitted by defendants in opposition to plaintiff's motion for summary judgment.  The facts, as discussed herein, are for the relevant time period as referenced in the complaint.

2

>   5.    PERSONAL GUARANTORS.  Subject to any exculpations, contained in the Note, the Note shall be guaranteed by Howard Martin ("Personal Guarantor").  Personal Guarantor hereby expressly assumes the unpaid balance due and owing on the Note, together with interests thereon as provided in the Note, together with all other obligations under the Note, Deed of Trusts/Mortgage and each and every one of the Loan Documents, with the same force and effect as if the Personal Guarantor had been specifically assigned therein as the Original Maker, Borrower or Grantor.

In October 2007, after a series of assignments, the First Mortgage was assigned to plaintiff.  On October 3, 2007, Skyline executed a Gap Multifamily Mortgage, Assignment of Rents and Security Agreement in the principal amount of $1,517,259.58 ("Second Mortgage"). That Agreement includes, *inter alia*, the following paragraph:

>   **22.    EVENTS OF DEFAULT.**
>
>   The occurrence of any one or more of the following shall constitute an Event of Default under this Instrument:
>
>   (a)    any failure by Borrower to pay or deposit when due any amount required by the Note, this Instrument or any other Loan Document;
>
>   \*    \*    \*
>
>   (g)    any failure by Borrower to perform any of its obligations under this Instrument (other than those specified in Sections 22(a) through (f)), as when required, which continues for a period of 30 days after notice of such failure by Lender to Borrower, but no such notice or grace period shall apply in the case of any such failure which could, in Lender's judgment, absent immediate exercise by Lender of a right or remedy under this Instrument, result in harm to Lender, impairment of the Note or this Instrument or any other security given under any other Loan Document.

Moreover, the Note provides, *inter alia*:

>   **6.    Acceleration.**  If an Event of Default has occurred and is continuing, the entire unpaid principal balance, any accrued interest, the prepayment premium payable under Paragraph 10, if any, and all other amounts payable under this Note and any other Loan Document shall at once become due and payable,

3

>>at the option of Lender, without any prior notice to Borrower.
>>Lender may exercise this option to accelerate regardless of any
>>prior forbearance.

Skyline consolidated the two mortgages encumbering real property and a premises known as 4 Skyline Drive, Saugerties, New York via a Consolidation, Extension and Modification Agreement. The Agreement was made "as of" October 2, 2007 and was executed by Howard Martin on behalf Skyline and Kevin Williams on behalf of plaintiff. The Agreement consolidated the two mortgages into a single lien of $2,150,000.00 and was recorded in the Ulster County Clerk's Office on October 26, 2007. Pursuant to the Agreement, plaintiff is the holder of the Consolidated Mortgage and the Note.

Skyline defaulted on the monthly payment due on the mortgage on December 2009 and every month thereafter. On May 12, 2010, plaintiff, through counsel, sent a Notice of Default to Skyline with a copy to Martin demanding that Skyline cure the default. The letter stated, in pertinent part:

> Please be advised that you are in default of the terms of the Mortgage
> based upon your failure to make payments as required under the terms
> of the loan. Therefore, Greystone Bank has declared the entire balance
> immediately due and payable. If the amount necessary to pay off the
> entire balance is not received within three business days from the date
> of this letter, Greystone Bank, its successors and/or assigns shall avail
> itself of all legal remedies as permitted by law.

On December 22, 2010, Jacqueline Conti, Esq. was appointed as Receiver. On August 26, 2011, upon Ms. Conti's application, the Court appointed Stanley A. Schutzman, Esq. as Successor Receiver of Rents in this action for the benefit of plaintiff.

Plaintiff's complaint sets forth five causes of action for: (1) foreclosure of real property; (2) foreclosure of personal property; (3) rental proceeds; (4) possession; and (5) judgment against Martin personally.

## DISCUSSION

**I.     Motion for Summary Judgment**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986).  A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial.  *See id.*  If the nonmovant fails to carry this burden, summary judgment is appropriate.  *See id.*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law.  *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994).  No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor.  *Chertkova v. Conn. Gen 'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

**II.     Mortgage Foreclosure**

"Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Bank of Am., Nat'l Assoc. v. Commack Prop., LLC*., 2010 WL 5139219, at *4 (E.D.N.Y. 2010) (citations omitted).  Once the mortgagee establishes a *prima facie* case for foreclosure, the mortgagee has the presumptive right to foreclose which can only be overcome by an affirmative showing by mortgagor. *Id*. (citations omitted).  This affirmative showing includes credible evidence of bad faith, duress, oppressive or unconscionable actions or evidence of fraud. *First Nat'l Bank of Highland v. J & J Milano, Inc*., 160 A.D.2d 670 (2d Dep't 1990).  In defending against a foreclosure action, defendant must provide evidence in admissible form, mere conclusions or unsubstantiated assertions are insufficient. *Cadlerock Joint Venture v. Alvarez*, 1999 WL 619588, at *5 (S.D.N.Y. 1999) (citations omitted).

Here, plaintiff has presented the Note, Mortgage and an affidavit from Alix Pierre, the Special Asset Officer of Greystone Bank, stating that defendants are in default of payments. Defendants do not deny that they defaulted under the Mortgage but present the following arguments in opposition to the motion: (1) the default notice does not comply with the provisions of the Note; (2) plaintiff lacks standing; and (3) the Note and assignment are defective.

**A.     Notice**

Defendants claim that the May 2010 letter is a "statement of intention" and not a "Notice of Default". Defendant claims that plaintiff failed to provide evidence of the date upon which it elected to accelerate the mortgage. Plaintiff contends that notice is not required pursuant to the acceleration clause of the Multifamily Mortgage, Assignment of Rents and Security Agreement. Moreover, plaintiff argues that defendants cannot claim prejudice as Martin admits to receiving notice.

"Notices that state the exact amounts due, including the exact amount of principal and interest, escrow arrears, default interest, and late charges" are proper. *See, e.g., Fed. Home Loan Mortg. Corp. v. 141st St. and Broadway Realty Co.*, 1994 WL 9686, at *8 (S.D.N.Y. 1994) (the defendants did not dispute the fact that there was a default, but argued that the notices were defective in that the notices "fail[ed] to identify the sums owed and the periods for which they were owed"). When notice of default and acceleration are not required, the defense may be stricken. *Bank of Am.*, 2010 WL 5139219, at *5 (the mortgage provided that upon default, "[m]ortgagee may take such action, without notice or demand, as it deems advisable"). Moreover, acceleration provisions that provide that, "upon default, the lender may declare the entire debt to be immediately due and payable" are permitted without serving notice. *Id*. The filing of a summons and complaint is sufficient notice of intent to accelerate. *Id*.

Upon a review of the record herein, the Court finds defendants' argument unpersuasive. The language in the Mortgage and the Acceleration clause in the Note clearly state that once defendant is in default, plaintiff may demand payment without prior notice. Further, even assuming the documents were not clear, on their face, defendants admittedly received timely notice through service of the May 2010 letter and the summons and complaint.

**B.     Standing**

Defendants argue that plaintiff lacks standing to pursue this claim.  In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced". *U.S. Bank Nat'l Ass'n v. Madero*, 80 A.D.3d 751, 752 (2 Dep't 2011).  Defendants do not dispute that plaintiff was the holder of the subject mortgage at the time the action was commenced but argue that plaintiff can no longer pursue this action because plaintiff subsequently assigned the Note to a third party.  On May 6, 2011, plaintiff assigned the note and mortgage to RCB Equity.

Rule 25(c) of the Federal Rules of Civil Procedure provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action." Determination of whether or not the transfer of an interest justifies substitution is a fact intensive inquiry.  *Greystone Bank v. Peralta*, 2010 WL 3767619, at *1 (E.D.N.Y. 2010).  Here, there has been no such motion or substitution and defendants have offered no case law or other factual support for their argument and thus, the Court rejects this argument.

**C.     Veracity of Note and Assignment**

Defendants argue that the original Mortgage and Note are executed and dated September 22, 1998 but the Allonges and Assignment of the original $750,000.00 mortgage were executed on September 18, 1998.  Therefore, any subsequent assignments are void.   Plaintiff argues that the relevant dates are the dates the documents were filed, not the dates the documents were executed.

8

As discussed, plaintiff has produced copies of the Mortgage and the Note. Plaintiff has also provided the Declaration of Alix Pierre attesting to defendants' default. Defendants provide nothing more than speculative and conclusory allegations relating to the validity of the documents. These claims provide the Court with no basis to deny plaintiff's motion. Defendants have failed to provide sufficient evidence creating an issue of fact with respect to bad faith, fraud, oppressive or unconscionable conduct or estoppel. *See Home Sav. Bank v. Schorr Bros. Dev. Corp*. 213 A.D.2d 512, 513 (2d Dep't 1995). Therefore, plaintiff is entitled to summary judgment and foreclosure and sale of the property. *See BH99 Realty, LLC v. Qian Wen Li*, 2011 WL 1841530, at *3 (E.D.N.Y. 2011).

### III.     Personal Guaranty

Plaintiff also seeks a deficiency judgment against defendant Martin. Plaintiff claims that Martin signed a Personal Guaranty for the Consolidated Mortgage making him individually liable for any and all amounts owed by Skyline. In opposition to the motion, Martin contests the veracity and validity of the October 3, 2007 Payment Guaranty. Defendant contests the authenticity of the payment guaranty. Further, Martin argues that the Personal Guaranty was nullified by the October 31, 2007 Amended Note and take note of the fact that the Consolidation, Extension and Modification Agreement contains no reference to the Guaranty.

Martin challenges the veracity of the Personal Guaranty arguing that: (1) he had oral conversations with Alix Pierre regarding the guaranty; (2) the document is unwitnessed; (3) his signature is on an isolated page; and (4) the document does not contain a loan number. Where the authenticity of the documentary evidence is disputed, it may raise an issue of fact precluding summary judgment. *Gould v. McBride,* 36 A.D.2d 706 (1st Dep't 1971); *see also Goodman v.*

9

*Glen Apartments, Inc*., 67 Misc.2d 431 (West. Cty. 1971) (the defendant contested the authenticity but submitted only hearsay affidavits in support); *cf. Union Bank of Switzerland, N.Y. Branch v. 890 Park Assoc.,* 1995 WL 121289, at *5 (S.D.N.Y. 1995) (the plaintiff presented sufficient documentary evidence to warrant summary judgment including copies of the Letter Agreement, the Note, and the Mortgage and the defendants did not contest the authenticity of these documents).

Here, defendant Martin submitted an affidavit admitting that he executed a guaranty for $750,000.00 but denying that he ever signed a guaranty for $2,150,000.00. Indeed, Martin claims that he never saw the document that plaintiff purports to be the guaranty, prior to the filing of the within motion. Martin's affidavit contains the following assertions:

(a) I have no recollection whatsoever of ever signing a personal guaranty for $2,150,000.00. In fact, on numerous occasions, I had conversation with Alex Pierre from Greystone Bank wherein he admitted that no personal guaranty existed;

(b) Conspicuously absent from the alleged personal guaranty is any form of witness or acknowledgment of the execution of that document;

(e) Prior to negotiating and executing the documents with respect to the $2,150,000.00 consolidated mortgage, the issue of the personal guaranty was raised and rejected;

(h) None of the various loan documents refer to the personal guaranty;

(j) The personal guaranty has what it appears to be my signature but it is free-standing in the sense that it is on an isolated page.

Martin also discusses the Consolidation Agreement and notes that the Agreement makes no mention of the personal guaranty. Accordingly, Martin "demand[s] that the plaintiff produce the original payment guaranty" for forensic examination.

10

Here, based upon the record as it presently exists, the Court finds that there are issues of fact precluding summary judgment on the issue of Martin's personal guaranty. Martin's statements, while perhaps self-serving, are for the jury to consider. The Second Circuit has held, "the self-serving nature of a witness' statements goes to the statements' weight, not to their admissibility," and "the weighing of such statements is a matter for the finder of fact at trial, 'not the prerogative of the court on a motion for summary judgment.' " *B2X Corp. v. Classic Closeouts*, 2010 WL 2230198, at *3, n. 4 (S.D.N.Y. 2010) (citing *In re Dana Corp.*, 574 F.3d 129, 153 (2d Cir. 2009)). Plaintiff may be able to convince a trier of fact that the personal guaranty is authentic, however, the Court's role in resolving a summary judgment motion is not to make those factual findings. *See id*.

Moreover, under Rule 1003 of the Federal Rules of Evidence, "[a] duplicate [document] is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. Defendant has raised an issue as to the authenticity of the guaranty and plaintiff does not claim that the original is unavailable. Despite plaintiff's claims that, "the documentation speaks for itself", defendant must be provided with an opportunity to examine the original document and to have the document reviewed by an expert, if defendant so chooses. Consequently, plaintiff's motion for a deficiency judgment against defendant Martin is DENIED, with leave to renew.[2]

**IV.    Amount Due or Appoint a Referee**

---

[2] In the alternative, Martin claims that plaintiff's action violates the New York State Real Property and Procedure Law ("RPAPL") § 1301. As the Court has determined that there is a material issue of fact with respect to the authenticity of the Personal Guaranty, the Court takes no position with respect to the parties' fleeting references and sparse arguments with respect to RPAPL § 1301.

11

A referee to compute the amount due is prescribed when the defendant is in default in answering the complaint within the time allowed or the right of the plaintiff is admitted by the answer. RPAPL § 1321(1); *see also Scharaga v. Schwartzberg*, 149 A.D.2d 578, 579 (1989). Here, defendants have answered the complaint and have opposed plaintiff's motion for summary judgment. However, for the above reasons, defendants have not produced sufficient evidence to establish a genuine issue of material fact for trial relating to the Mortgage foreclosure. To that end, pursuant to Rule 53(a) of the Fed. R. Civ. P. and RPAPL § 1321, the Court shall appoint a Referee to ascertain and compute the amount due to plaintiff under the Note and the Mortgage and to report whether the premises should be sold in one parcel. Plaintiff is directed to submit to the Court on notice and within two weeks of the date of this Order a draft order of reference and a list of up to three proposed Referees. *See Resolution Trust Corp. v. Hidden Ponds Phase IV Dev. Assoc.*, 873 F.Supp. 799, 807-08 (E.D.N.Y. 1995); *see also Union Bank of Switzerland*, 1995 WL 121289, at *7.

**V.    Motion for Default Judgment**

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2. "A party's

default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)).

Here, plaintiff fulfilled the procedural prerequisites for default judgment. The allegations in plaintiff's complaint, as against the New York State Department of Taxation and Finance are summarized as follows and presumed accurate:

> Upon information and belief, Defendant New York State Department of Taxation and Finance, is an agency of the state of New York with a headquarters in Albany, New York and is a potential lien holder on the Property being foreclosed.
>
> Upon information and belief, each of the defendants named in this action claims to have or may have some right, title, interest or lien in or the Property or some part thereof, which right, title, interest or lien is subject and subordinate to the lien of Plaintiff on the Property, and their right to possession, if any, are subordinate to plaintiff's.

Pl. Cmplt. (paragraph numbers omitted).

Here, the complaint contains well-pleaded allegations of nominal liability- i.e., that any judgments the defaulting defendant may have against Skyline and Martin, are subordinate to plaintiff's. *See Christiana Bank & Trust Co. v. Dalton*, 2009 WL 4016507, at *5 (E.D.N.Y. 2009). The NYSDTF was properly served and no one has come forward to assert their rights or interests in the property. "[T]here is no reason to anticipate that a default judgment will have harsh effects. Had [] the defendant[] believed that [its] liens were not subordinate to the plaintiff's, [it] would have set forth the[] argument in an answer." *Fed. Home Loan Mortg. Corp. v. 41-50 78th St. Corp.*, 1997 WL 177862, at *3 (E.D.N.Y. 1997). Therefore, plaintiff's motion for default judgment against NYSDTF is granted.

13

## CONCLUSION

It is therefore

**ORDERED**, that plaintiff's motion (Dkt. No. 19) for summary judgment on the claim of foreclosure of the mortgaged property is GRANTED and thus, the Court orders the foreclosure and sale of the subject property; it is further

**ORDERED** that plaintiff's motion (Dkt. No. 19) for a deficiency judgment against defendant Howard Martin is DENIED, without prejudice to renew; it is further

**ORDERED**, that plaintiff's motion (Dkt. No. 19) for a default judgment against defendant New York State Department of Taxation and Finance, is **GRANTED**, it is further

**ORDERED**, that a referee shall be appointed pursuant to the within Order.

**IT IS SO ORDERED.**

Dated: September 15, 2011

_____
Mae A. D'Agostino
U.S. District Judge