UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RCB EQUITIES #3, LLC,

                              **Plaintiff,**

  vs.
                                                               (MAD/RFT)

SKYLINE WOODS REALTY, LLC; HOWARD         1:10-CV-1182
MARTIN & NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE,

                              **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

SCHILLER, KNAPP LAW FIRM                William B. Schiller, Esq.
950 New Loudon Road
Latham, New York 12110
*Attorneys for Plaintiff*

ZISHOLTZ & ZISHOLTZ, LLP                 Stuart S. Zisholtz, Esq.
170 Old Country Road, Suite 300
Mineola, New York 11501
*Attorneys for Defendants*
*Skyline Woods Realty, LLC and*
*Howard Martin*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is a motion submitted by RCB Equities #3, LLC ("RCB" or "plaintiff") for an Order awarding attorneys' fees in the amount of $31,103.61 and costs and disbursements in the amount of $2,340.63. (Dkt. No. 59). Defendants Howard Martin and Skyline oppose plaintiff's motion and argues that an evidentiary hearing is necessary in the absence of a retainer agreement. (Dkt. No. 60).

### BACKGROUND AND PROCEDURAL HISTORY

Familiarity with the facts and procedural history is assumed based upon this Court's prior Memorandum-Decisions and Orders. On March 11, 2013, this Court issued an Order and denied defendant's motion for summary judgment and adopted the referee's report. The Court denied plaintiff's motion for attorneys' fees and costs with leave to renew within thirty days of the Order finding:

> Here, the record lacks sufficient information to allow this Court to award a reasonable amount for attorneys' fees and costs. Plaintiff has not provided copies of contemporaneous time records or invoices demonstrating attorneys' fees and costs incurred as a result of the within action. Plaintiff's submission includes an Declaration of William B. Schiller wherein counsel avers that, "[a]s of the date of this declaration, fees for legal services rendered in this matter total $23,096.79" and information regarding "prospective legal services". However, the declaration does not include information regarding counsel's background and experience and the customary fees and/or hourly rate charged for similar legal services. *See E. Savings Bank, FSB v. Rabito*, 2012 WL 3544755, at *7 (E.D.N.Y. 2012) (in addition to a judgment of foreclosure and sale, plaintiff sought attorneys' fees but failed to submit contemporaneous time records and documents regarding costs incurred during the course of litigation); *see also Imaging Fin. Serv., Inc. v. Digital Page, LLC*, 2012 WL 913257, at *3 (N.D.N.Y. 2012) (the plaintiff failed to submit documentation of either the attorneys' hourly rate or the number of hours spent on this matter, and therefore cannot determine whether the requested fees and costs are reasonable). Accordingly, plaintiff's motion is denied. However, the Court will allow plaintiff to supplement the request for fees with the aforementioned information. *See Lumbermens Mut. Cas. Ins. Co. v. Darel Group U.S.A., Inc.*, 253 F.Supp.2d 578, 587 (S.D.N.Y.2003).

Plaintiff has timely renewed the motion and has annexed an attorney affidavit detailing counsels' experience and contemporaneous time records.

**DISCUSSION**

In determining reasonable attorney's fees, the district court must calculate a "lodestar" figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.1997)

(citations omitted). The Court has "discretion in determining the amount of a fee award," and must use that discretion to make "its own assessment of what is appropriate[.]" *Luca v. County of Nassau*, 698 F.Supp.2d 296, 306 (E.D.N.Y.2010) (internal citations omitted) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983)).

**I.     Hourly Rate**

With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191–93 (2d Cir .2008). The prevailing community is the district in which the court sits. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.1997). In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n. 3.

In this District, cases have upheld an hourly rate for a partner of between $250 and $345. *Jimico Enter., Inc. v. Lehigh Gas Corp.*, 2011 WL 4594141, at *10 (N.D.N.Y.2011) (collecting cases).   Attorney Schiller asserts that he has nearly twenty years experience in the areas of foreclosure and bankruptcy.  In addition, Attorney Lefkowitz has been practicing for thirty years concentrating on litigation in commercial, contract, employment, corporate, and personal injury. The hourly rate charged by both attorneys is within the acceptable hourly rate within this District.

*See Jimico Enter.*, 2011 WL 4594141, at *10 (in this District, cases have upheld an hourly rate for a partner of between $250 and $345).  Based upon the experience level of the attorneys involved in this litigation, the Court finds that the rates in this action are reasonable.

**II.     Errors in Invoices and Excessiveness**

Defendants contend that there are material errors in the invoices and that the services rendered were excessive.  The Court disagrees.  Plaintiff asserts that a total of 122.89 hours were spent on this matter from 2010 until October 2012. "[T]o determine whether time for which reimbursement is sought was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case."  *DLJ Mortg. Capital, Inc. v. Act Lending Corp.*, 2008 WL 5517589, at *7 (S.D.N.Y.2008) (citing *New York State Ass'n for Retarded Children, Inc.*, 711 F.2d at 1146–48 (a fee application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done)). Having reviewed counsel's billing statements and Attorney affidavit, the Court finds that counsels' hours associated with pursuing this action are supported by contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.  Based upon the work performed and the experience of counsel, the Court finds that all recorded time is reasonable.  There is no basis to find that counsel's services during the course of the litigation were unnecessary, duplicative, excessive, or otherwise unreasonable, particularly in view of the complexity of the litigation and defendant's actions during the course of this litigation.  Accordingly, plaintiff's request for attorneys' fees and costs in the amount of is $31,103.61 granted.

**IV.     Costs and Disbursements**

Plaintiff also seeks reimbursement for costs in the amount of $1,363.41. Plaintiff has submitted a statement identifying its costs including title fees, process server fees, filing fees and transcript fees. Therefore, the Court grants plaintiff's request for costs.

## CONCLUSION

**It is therefore**

**ORDERED**, that plaintiff's motion for attorneys' fees and costs (Dkt. No. 59) is **GRANTED**.

The Court will enter a Judgment of Foreclosure and Sale under separate Order.

**IT IS SO ORDERED.**

Dated: June 7, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge